# PETITION UNDER 28 U.S.C. 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

CA 08 184

UNITED STATES DISTRICT COURT
DISTRICT RHODE ISLAND

David ALMEIDA Prisoner NO: 61641
R.I. Department of Corrections

DAVID ALMEIDA v. Ashbell T. Wall
Petitioner Pro-Se, Director, Dept of Corrections

The Attorney General of the State of R.I.

## PETITION

Petitioner comes before this court seeking judicial review of a decision by a R.I. Department of Corrections hearing officer, a Lt. Meunier, whom on Febuary 26, 2008; found Petitioner guilty of a highest, non predatory, Class #1 infraction, of the RI DOC Code of Inmate Discipline #151 Threatening A Staff Member. (Warden Boyd #1) (Exhibit #2)

Petitioner has exhausted his administrative remedies by filing an appeal to Deputy Warden Auger on Febuary 26, 2008; which was denide on Febuary 28, 2008. (Exhibit#4)

There are no available state remedies or corrective processes. The Rhode Island Supreme Court has ruled in past cases, that, "due process - as mandated in Wolf v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963(1974) - does not apply to R.I. D.o.C. disciplinary proceedings and therefore no constitutional rights exist to judicial review of same." Dicantis v. Wall, 795 A.2d 1121, 1125 (R.I.S.Ct. 2002). Heurewx v. Dept of Corrections, 708 A.2d 549, 552. (R.I. S. Ct. 1998)

Petitioner now claims that many of his procedural and substantive due process rights, and protections afforded him under the 14th. Amendment of The U.S. Constitution have been violated, as well as U.S. Supreme Court legal mandates and Federal law.

Petitioner also claims that his rights under the 1st. Amend. of the U.S. Constitution to petition the government for grievances was

also violated when prison authorities instituted retaliatory actions agaist petitioner for two (2) grievances he had filed. (Exhibit 1 + 1A)

Petitioner has been deprived of his liberty without due process of law and has also suffered an atypical and significant hard ship. Petitioner has lost a total of 31 days good time, which has increased the length of his sentence and he was punished for the exercising of his constitutionally protected rights.

The following grounds were raised and argued at both the disciplinary hearing as well as on appeal to Depty Warden Auger.

Ground One: Retalliation.

(a.) Petitioner was booked because of a closing statement that was contained in an "Informal Resolution of Grievance". Which is the required first step in the D.O.C.'s grievance procedure. The statement was, "I suggest you think before you threaten me again." (Exhibit #1)

Ground Two: Lack of Assistance From Substitute Counsel.

(a.) I waited twelve (12) days for my hearing and never seen my appointed representative.

(b) For the entire twelve(12)days I was held in pre-confinement segregation

(c) I was in need of assistance in obtaining a copy of the D.O.C. Disciplinary Policy - which for reasons unknown they never seem to have in Segregation - and I also required specific ~~[illegible]~~ research material from Medium #1's main law library in which to prepare a defense.

Ground Three: Standard of Proof.

(a) At no time was my "Informal Resolution of grievance" referenced within any of the written record.

(b) Petitioner made numerous references as to his informal and later formal grievances filed against Warden Boyd.

(C.) When petitioner's grievance was mentioned within the record it was convenietly refered to as a letter in an attempt to undermine petitioners retaliation arguement and defense. (Exhibit 2, 3, and 4).

Ground Four: Impartial Hearing Officer

(5a) Lt. Meunier was too closely involved with the incident that lead up to my booking. Lt. Meunier was ~~they~~ physicaly present on Feb. 12th, 2008; when Warden Boyd and I got into our conversation that lead to Warden Boyd having threatened me with a down grade to high side. I was threatened because of my efforts in forming a class action law suit.

(5b) Lt. Meunier brought the incident up at my hearing and stated how he had also warned me not to notify other inmates about my class action the day before I had spoken to the Warden.

(5c) When petitioner was only half way through the reading of his written statement before the board - Lt. Meunier had interupted petitioner and made comments as to my

guilt. And stated that my statement did not matter.

Ground Five: Written Disposition.

(a) Lacked sufficient information or rational for finding of guilt, and reasons for punishment. (Exhibit #3)

## Relief Sought

Due to all the flagrant violations of petitioners constitutionally protected rights. The biased and prejudicial actions by D.O.C. administrators and support staff. Petitioner request that the mis-conduct convictions must be expunged from his records and all earned good time credits revoked as a result of the conviction must be restored.

I declare under penalty of perjury that the forgoing is true and correct and that Petition For Writ of Habeas Corpus was placed in the mail on:

David Almeida Pro-SE
P.O. Box 827
Cranston, RI. 02920-02

Exeated on:

# FACTS SHEET
## Boyd #1

Booking No: 000038700.

Booked ON: 2-14-08.

Hearing Held: 2-26-08.

Hearing Officer: LT. Meunier.

Appeal Denide: 2-28-08; Deputy Warden, Auger.

Hearing Tapes: Two (2) dated Feb. 26, 2008.

Sentence: 25 days Segregation.
25 days Loss of Good Time.
6 days Loss Good Time For Month of Feb. 08.
31 days Total Loss Good Time.

RIDOC - Code of Inmate Discipline
Infration: #151 Threatening a Staff Member.

. . . . .

Boyd #4

United States District Court
District OF
Rhode Island

David Almeida # 61641
Petitioner Pro-se
VS.
Ashbell T. Wall
Director R.I. Dept.
of Corrections

Memorandum
in Support
of §2254
motion

## Introduction

Comes now the petitioner, David Almeida, pro-se, pursuant to 28 U.S.C. §2254, of his motion to expunge a misconduct conviction from his prison records and restore all revoked good time credits (31 days), due to violation of his procedural and substantive due process rights for alledged violation of R.I. D.O.C. Code of Inmate Discipline #151 Threatening a Staff member.

## Background

Petitioner on Febuary 11th, 2008; had spoken to a Lt. Meunier to address petitioner's desire to notify inmates and their families

of the 7 month long delay and D.O.C.'s failure to comply with R.I.G.L. (42-56-38.1) Prisoner Telephone Use, which in short, prevented the state and the D.O.C. from continuing to charge surcharges and commissions ont to inmates called party's phone bills. Lt. Meunier informed petitioner that he could not pass out informational literature to inform about class action law suit. (Exhibit 1A)

Petitioner on Febuary 12, 2008; then approached Warden Boyd and Deputy Warden Kazyk, with Lt. Meunier also present and petitioner restated his request to pass out informational literature to address petitioners desire to form a possible class action against the D.O.C.'s continued violation of R.I.G.L. 42-56-38.1.

Warden Boyd became arguementative and then threatened petitioner. Boyd stated, "You will find yourself sitting in a cell at High side if you attempt to pass anything out." At which time Deputy Warden Kazyk stated, "And we'll be watching."

Petitioner then responded, "can I put

what you just said in a grievance"? Warden Boyd then stated, "I suggest you leave." (Exhibit 1)

Petitioner then prepared two (2) Informal Resolutions of grievance. One for the illegal billing and surcharges to inmates telephone calls. And the other for the threat made to petitioner about being down graded to high side. These informals where mailed, inter-Dept-Mail on Febuary 13, 2008. (Exhibit 1+1A)

On Feb. 14, 2008, at approximately 5:00 P.M. petitioner was brought to segregation for alledgedly threatening Warden Boyd for a statement contained in his informal Grievance. (Exhibit #1)

The Informal Resolution of Grievance Filed by petitioner is a required first step in the D.O.C'S grievance procedure. It can not be by-passed or Eliminated. (Exhibit #1)

Arguement

Ground One: Retaliation

• • • •

Continued→

Petitioner is protected against retalitory actions by government officials for exercising his First Amend. Right to redress grievances. (U.S.C.A. Const. Amend. 1)

Warden Boyds' Actions has violated petitioners rights. and I have been punished without just cause.

When a prisoner files for alledged grievances, a written grievance with the government containing hostile, sexual, abusive, or threatening language, he may not be punished for filing it, as prisoners have First Amend. Right to petition government for alledged grievances. U.S.C.A. Const. Amend 1.
SEE Hine Baugh v Wiley, 137 F. Supp. 2d 69, Bradley V. Hall, 64 F.3d 1276, 1279 (9th. Cir 1995).

Placement in segregation in retaliation for the inmate's exercise of his First Amend. rights will be considered "atypical and significant"

and

Placement in segregation based on such a retaliatory motive, as opposed to legitamate penological interest is an

atypical and significant hardship. SEE Ortiz v. Voinovich, 211 F. Supp. 2d 917, 928-9 (S.D. OHIO 2002)

Gound #2: Assistance from Substitute Counsel.

Prevented petitioner from preparing a full and informed defense to charges.

Where the right to substitute counsel is not absolute within the disciplinary hearing, it has been qualified by the Wolf Court, 418 U.S. at 570, that "Where an inmate is illeterate, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should have adequte substitute aid in the form of help from the staff or sufficiently competant inmate designated by staff. Wolf, 418 U.S. 570.

Additionally, several Federal Courts have held that if the accused inmate is unable to gather evidence necessary

for a defense due to pre-hearing confinement in segregation, representation must be provided.
SEE Eng v. Coughlin, 858 F.2d 889, 898 (2nd. Cir. 1988).

(inmate unable to formulate defense due to segregation or prison transfer have a "right to substantive assistance" under due process). SEE Aikens v. Lash, 514 F.2d 55, 59 (7th. Cir. 1975), vacated on other grounds, 425 U.S. 947 (1976)

When representation is constitutionally required, prison officials must permit the accused inmate and his counsel a reasonable opportunity to prepare a defense. SEE Grandison v. Cuyler, 774 F.2d 598, 604 (3rd. Cir. 1985) (requiring prison officials to justify 5 minute meeting prior to hearing between accused inmate and designated assistant.

Balla v. Idaho State Board of Corrections, 595 F. Supp. 1558 (D. Idaho 1984) ("the practice of affording the inmate or his representative only a few minutes before the hearing is not sufficient

to satisfy the due process clause") modified on other grounds, 869 F.2d 461 (9th. Cir. 1989)

<u>Ground Three:</u> Standard of Proof

Same as ground One. Charge never shoud have been brought against me. a statement contained within a grievance can not be used to retaliated against petitioner.

<u>Ground Four:</u> Impartial Hearing Oficer.

Prejudged my guilt, purposely left retaliation defense out of record. Decision was bised and arbitrary. it adversely affected my due process right to a Fair hearing.

The presence of charging officers, investigating officers and those officials that have prejudged guilt on the disciplinary tribunal constitutes a violation of the inmate's right to an impartiol hearing.

Officials whom have pre-judged

guilt and have personal or substantial involvement are barred from sitting on Disciplinary Boards. Meyers v. Alldredge, 492 F.2d 296 (3rd. Cir. 1974)
Merrit v. De Los Santos, 721 F.2d 598, 600-601 (7th. Cir. 1983)
Glick v. Sargent, 695 F.2d 413, 414 (8th. Cir. 1983)
Finney v. Arkansas Board of Corrections, 505 F.2d 194, 208 (8th. Cir 1974).

An impartial decision maker "does not prejudge the evidence and... can not say... how he would asses evidence he has not yet seen. Patterson v. Coughlin, 905 F2d 564, 570 (2nd. Cir. 1990).
Fife v. Crist, 380 F. Supp. 901, 910 (D. Mont 1974) (Hearing Officer can not be involved with incident which resulted in misconduct.

Ground Five: Written Disposition

Did not meet minimum due process requirements, was arbitrary and prejudiced my rights to due process.

According to Wolf, a prisoner

convicted of misconduct, is entitled to a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken. Wolf v. McDonnell, 418 U.S. at 563.

In order to satisfied this constitutional mandate, prison disciplinary officials must do more than give boilerplate statements that they accept the misconduct report. Rather they must indicate specifically in writting what evidence they rely upon to find the prisoner guilty of misconduct.

Example: In Hayes v. Walker, 555 F.2d 625 (7th. Cir. 1977), cert. denide, 434 U.S. 959 (1977), the disciplinary committee found the prisoner guilty and issued a written statement indicating.

"Based on our review of the violation report and the report by the special investigator, it is our motion that we find Mr. Hayes is guilty as charged. We find Mr. Hayes is guilty of conspiracy to incite to riot and commit mutinous

acts. 555 F.2d at 631.

The Seventh Circuit concluded that the written statement failed to satisfy due process." Rather than pointing out the essential facts upon which inferences were based, the committee merely incorporated the violation report and the special in-vestigator's report. The general finding does not ensure that prison officials will act fairly. (id at 633)

Conclusion / Relief

Petitioner respectfully moves this court to expunge misconduct conviction from petitioners records and restore all revoked good time credits. (31 days)

Date:

Respectfully Submitted.

David Almeida Pro Se
P.O. Box 827
Cranston, RI 02920-027

# Verification

I, David Almeida, petitioner pro-se, declare under penelty of perjury that the facts stated in the foregoing memoradum are true and correct.

Dated:

By:
David Almeida pro-se