# MEDIUM SECURITY REQUEST SLIP

☐ CHAPLAIN ☐ RECREATION **FROM:** David Almeida **ID#:** 61641

☐ JOB ☐ CELL CHANGE **MOD-CELL:** DL-18T **JOB:** —

☐ WAREHOUSE ☐ HAIRCUT **TO:** Warden Boyd **DATE:** Feb. 12, 2008

☐ EDUCATION ☒ OTHER: Informal Resolution of Grievance.

**REASON:** Inmate Telephone Usege RIGL 42-56-38.1 and reimbursement of overcharges. ($100.00)

See Enclosed (FIVE) Page Attachment.

Copy/File

David Almeida

**REPLY:**

**SIGNATURES:** [signature] (rel)

Officer (Required)

Responding Staff

Revision Date 12/05

Exhibit #1A

Boyd #1

From: David Almeida 61641
Medium # 1 Moran
DL - 18 Top

To: Warden Boyd
Medium # 1 Moran

Date: Febuary 12, 2008.

Subject: Informal Resolution of grievance,
Violation of R.I.G.L. 42-56-38.1
Prisoner Telephone Usage, and
Reimbursement of overcharges ($400.00)

Warden Boyd:

This Informal Resolution puts into writting what I attempted to inquire from you and Deputy Warden Kaszyk on above date.

As I have informed you previously, the D.O.C. is now, and has been since August 1st. 2007, in violation of R.I.G.L. 42-56-38.1 — Prisoner Telephone Use. (See Attached Copy of law)

R.I.G.L. 42-56-38.1 - Prisoner Telephone Use, specifically requires

that inmates:

① Have an option of either a debit or ~~credit~~ OKPA collect call system. (42-56-38.1(a))

② No telephone service provider shall charge a customer rate for calls made from a prison in excess of rates charged for comparable calls made in non-prison settings. All rates shall reflect the lowest resonable cost to inmates and call recipients. (42-56-38.1 (b))

③ No concessions agreements for inmate telephone calling services shall include provisions for a commission payable to the state, nor shall any correctional institution impose a surcharge for telephone usage by inmates in addition to the charges imposed by the telephone service provider. (42-56-38.1 (c))

Above law was passed under P.L. 2006, Ch. 162, § 1, with a delayed effective date of August 1st. 2007. →

It has now been in excess of 6 months since the effective date of this law - and more than a year since it's passage. The delay in instituting the law's requirements at the prison has caused an illegal financial borden to be imposed upom my family as well as myself.

This action by the D.O.C., in collusion with the Genetics telephone service provider, amounts to a criminal conspiracy to obtain monies under false and fraudulent telephone billing practices

I personally use the telephone sparingly - 2x per wk. However, with local and long distance calling charges, I estimate that it has cost me ($100.00) one hundred dollars in over charges in the last 6 months, and possibly more.

This amount may seem paltry, however, multiply it by the number of inmates useing the phones, and that many use it several times per day, and this amount can easily inflate to several hundred thousand →

dollars per year, - if not well over a million dollars.

Where I can only speak for myself in regards to this matter, I will now demand that a reimburstment of one hundred dollars ($100.00) be paid directly to my account or arrangements be made to pay it to my individual family members.

Names, addresses and dollar amounts will be provided upon request.

This reimburstement will only cover the first 6 months that the D.O.C. has been in non-compliance of the law. I also demand that the D.O.C. comply with R.I.G.L. 42-56-38.1 as is statutorily required.

Sincerely Yours

David Almeida

David Almeida

Officer Signature

Copy/File

Copy - 10 of Each

(10)

# Memorandum

## Medium Security

**To:** Inmate David Almeida

**From:** Warden Stephen Boyd

**Date:** 2/14/2008

---

I am in receipt of your two letters regarding the inmate telephone system and alleged threats made against you. As you were informed several days ago, the department is in the process of instituting a new telephone system consistent with the requirements in RIGL 42-56-39.1. Unfortunately this is taking longer than originally expected. The inmate population was notified in writing by my office some time ago that they would receive more information as it becomes available to me. As far as the alleged threats made to you, be advised that you should read the inmate discipline policy again. Specifically violations # 106 and 107 clearly state that it is a violation to disobey an order and to interfere with the orderly running of the institution. It is the responsibility of the Warden to distribute information to the inmate population. Any attempt by you or other inmates to circumvent this procedure and disobey the orders of this facility will result in disciplinary action consistent with policy 11.01-4.

-38.1

No mention about the money - even though I did ask. David Almeida
3-1-08