**DISP010.RPT** **R.I. DEPARTMENT OF CORRECTIONS** **DATE: 02/28/2008**
**PAGE 01**

*** Warden's Review Letter ***

Boyd #1
Exhibit 4

TO: INMATE DAVID W ALMEIDA 0061641
SECURITY MED SEG 01B

FROM: Michele Auger Deputy Warden Corrections
INFR SEC MED

SUBJECT: DECISION OF THE WARDEN'S REVIEW

BOOKING 0038700 2/14/2008 151 VIOLENCE

Threatening, Harassing, or Unauthorized Contact with any other person (including , but not limited to staff members, their families, victims, public officials, l

A REVIEW OF THE MATERIALS PERTAINING TO YOUR DISCIPLINE HEARING HAS RESULTED IN THE FOLLOWING DETERMINATION ON YOUR REQUEST FOR A WARDEN'S REVIEW

| HEARING DATE/TIME | WARDEN SIGN DATE/TIME |
|---|---|
| 2/26/2008 10:07:42 | 2/28/2008 11:16:51 |
| GUILTY | DENIED |

HEARING 151 Threatening, Harassing, or Unauthorized Contact with any other person

HEARING SANCTIONS
- DISCIPLINARY CONFINEMENT FOR 025 DAYS
- LOSS OF GOOD TIME FOR 025 DAYS

RATIONALE BASED ON INFO/STMTS LETTER RECEIVED

Based on letters recieved by Warden Boyd on 2/14/08 and letter of appe al recieved on 2/28/08.

Case 1:08-cv-00184-S-DLM Document 1-7 Filed 05/14/2008 Page 2 of 2

Tom Mooney
Reporter
Pro So

(4)



the determination of the amount of reimbursement. This section shall not be effective until the date the rules and regulations are filed with the office of the secretary of state.

(b) Notwithstanding the provision of subsection (a), or any rule or regulation promulgated by the director, any sentenced offender who is ordered or directed to the work release program, shall pay no less than thirty percent (30%) of his or her gross salary for room and board.

**History of Section.**
P.L. 1992, ch. 133, art. 97, § 2; P.L. 1995, ch. 370, art. 40, § 137; P.L. 1996, ch. 100, art. 18, § 1.

**NOTES TO DECISIONS**

**1. Statutory Authority**
The Department of Corrections did not exceed the statutory authority of this section by assessing supervision fees to probationers sentenced prior to the date that the statute went into effect. Taylor v. Rhode Island, 101 F.3d 780 (1st Cir. 1996), cert. denied, 521 U.S. 1104, 117 S. Ct. 2480, 138 L. Ed. 2d 989 (1997).

**42-56-38.1. Prisoner telephone use. [Effective August 1, 2007.]** — (a) When an inmate requests and receives a list of parties approved to receive telephone calls, the inmate shall be provided the option of using either a debit or collect call system to place such calls. Under the debit system, either the cost of such service shall be automatically deducted from the account maintained by the inmate for that purpose, or the inmate shall set aside money from his/her account to be placed in a prepaid telephone account.

(b) No telephone service provider shall charge a customer rate for calls made from a prison in excess of rates charged for comparable calls made in non-prison settings. All rates shall reflect the lowest reasonable cost to inmates and call recipients.

(c) No concessions agreements for inmate telephone calling services shall include provisions for a commission payable to the state, nor shall any correctional institution impose a surcharge for telephone usage by inmates in addition to the charges imposed by the telephone service provider.

**History of Section.**
P.L. 2006, ch. 162, § 1.
**Delayed Effective Dates.** P.L. 2006, ch. 162, § 2, provides that this section takes effect on August 1, 2007.

**42-56-39. A prison impact statement.** — All acts, bills and resolutions having an effect on the revenues, expenditures, fiscal liability, bed space, staff or programs of the department of corrections, which can be calculated with reasonable accuracy, by establishing or extending a mandatory minimum term of imprisonment which is not subject to suspension, probation or parole, excepting appropriation measures carrying specified dollar amounts, shall be accompanied by a brief explanatory statement or note which sets