**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**David Almeida** :
Petitioner :
**vs.** : **C.A. No.: 08-184S**
:
**Ashbel T. Wall, Director, RI** :
**Department of Corrections**
Respondent

# MEMORANDUM IN SUPPORT OF REPSPONDENT'S MOTION TO DISMISS

Now comes Respondent Ashbel T. Wall, by and through counsel[1], and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for the reasons argued herein, submits that the Petitioner has failed to state a claim upon which relief may be granted. Respondent Wall respectfully requests that the Court dismiss this matter.

## I. The Petition for Writ of Habeas Corpus

Petitioner David Almeida is a Rhode Island State penal inmate, currently incarcerated in the Maximum-security facility of the Adult Correctional Institutions (ACI) of the Rhode Island Department of Corrections (RIDOC), serving a six-year prison term after his conviction of second-degree robbery[2]. Petitioner seeks this Court's review of a decision of a prison disciplinary board which resulted in Petitioner being ordered to a term in disciplinary segregation, (25 days) with a concomitant loss of "good time" credits. Petitioner claims that the charge itself, the conduct of the disciplinary process,

---

[1] While an Order dated May 19, 2008 directed the State's Attorney General to answer this Petition, the Rhode Island Department of Corrections is doing so at the Attorney General's request.
[2] The disciplinary infractions at issue within Petitioner's petition occurred while Petitioner was housed at the Medium-security facility. A classification board has subsequently "downgraded" Petitioner to Maximum-security.

and the sanctions imposed upon him as a result are flawed and violated his rights of due process. He disputes the underlying facts which resulted in his being disciplined.

**II. Standard for Motion to Dismiss per Rule 12(b)(6)**

A complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (D.R.I. 1973). All doubts are resolved in the plaintiff's favor, and all allegations accepted as true. *Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. 8, 227 A.2d 582 (1967).

**III. Argument: Petitioner's claims regarding his prison discipline should be dismissed as this Court may not sit as a super-disciplinary board, and the discipline imposed does not exceed the expected parameters of plaintiff's prison sentence**

Within his own petition, the Petitioner concedes that "[t]here are no available state remedies or corrective processes [because] the Rhode Island Supreme Court has ruled in past cases that 'due process * * * does not apply to RIDOC disciplinary proceedings and therefore no constitutional rights exist to judicial review of the same.'" Respondent submits that in seeking this Court's review of his prison discipline he has overlooked relevant *United States* Supreme Court precedent which clearly establishes that he has failed to state a claim upon which relief may be granted.

The United States Supreme Court has held that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law," and unless the discipline imposed represents a "dramatic departure from the basic conditions of [the inmate's] sentence," it is not protected by due process. *Sandin v. Conner*, 515 U.S. 472, 485. (1995). The court

suggested that an example of discipline which would represent a significant departure from the basic conditions of the inmate's sentence is involuntary administration of psychotropic medication. Id. at 484. The court held that 30 days' lockup in punitive segregation does not represent a "significant departure" from the expected parameters of the inmate's sentence. Id. at 486. Sandin made it clear that "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed.'" *quoting* Hewitt v. Helms, 459 U.S. 460, 468 (1983).

In the case at bar, the Petitioner was disciplined, pursuant to the RIDOC's inmate discipline policy, and was granted *more process* than the U.S. Supreme Court has held he was due: a disciplinary hearing. He was afforded an opportunity to dispute the allegation made against him. He was found guilty of the offense by the disciplinary board that utilized the standard in a prison disciplinary proceeding: "some evidence." (see Parker v. Vose, 875 F.Supp. 954, 965 (D.R.I. 1994) *citing Superintendent v. Hill*, 472 U.S. 445 (1985)). He was afforded the opportunity to appeal the board's decision, which he did. The penalty imposed on Petitioner (i.e., time to serve in the segregation unit, loss of good time,) is well within the expected parameters of Petitioner's sentence. Petitioner is attempting to utilize the federal habeas statute in order to convert this Court into a super-disciplinary board to re-hear his prison discipline.

Both the Rhode Island and United States Supreme Courts have held that prison administrators are to be afforded wide discretion in the discipline of inmates unless there is substantial evidence to indicate that the prison officials have exaggerated their response to considerations of internal order and discipline. See, e.g., Bell v. Wolfish, 441 U.S. 520 (1979); Pell v. Procunier, 417 U.S. 817 (1974); Laurie v. Senecal, 666 A.2d 806 (R.I.

1995). *Bell v. Wolfish,* 441 U.S. 520 (1979). *Bell v.Wolfish* stands for the proposition that "prison administrators [are to be] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id* at 547. These principles of deference to correctional expertise were followed and validated by the Rhode Island Supreme Court in *Laurie v. Senecal,* 666 A.2d 806 (R.I. 1995).

Therefore, while the Petitioner may disagree with the findings of the disciplinary board in question, he cannot receive the relief he requests via a federal habeas petition.

**IV. Conclusion**

For all of the reasons argued in this memorandum, the Respondent submits that the Petitioner has failed to state a claim upon which relief may be granted. The Respondent respectfully requests that this Court dismiss Petitioner's Complaint.

Respectfully submitted:

/s/ Patricia A. Coyne-Fague #5198
40 Howard Avenue
Cranston, RI 02920
(401) 462-0145
(401) 462-2583 *fax*

**Certification**

I hereby certify that on the 2nd day of June 2008 I mailed a true copy of the within document to: David Almeida, P.O. Box 8273, Cranston, RI 02920.

/s/ Patricia A. Coyne-Fague