United States District Court
For The District OF Rhode Island

David Almeida, Pro Se
Petitioner
vs.

Ashbel T. Wall, Director,
R.I. Department of
Corrections
Respondent

C.A. No: 08-184S

Memorandum In Support

# OBJECTIONS AND REPLIES TO RESPONDENT'S MOTION TO DISMISS

① Petitioner respectfully requests that the Court dismiss Respondent's motion to dismiss as it has no foundation based upon acceptable legal arguements, as is set fourth in Rule 12(b)(6) of Federal Rule of Civil Procedure.

② Respondents Motion to dis-miss relies heavily upon Sandin v. Conner, 515 U.S. 472, 485 (1985), in that, and "unless the discipline imposed represents a dramatic departure from basic conditions of the inmates sentence, it is not protected by due process.

(3) However, respondant has failed to point out that Sandin did not dispense with statutory or regulatory language creating an entitlement. It simply held that, "the regulation at issue in that case did not create a liberty interest because the plaintiff had not shown an atypical or significant deprivation". Anderson v. Recore, 317 F.3d 194, 199 (2nd. Cir. 2003).

(4) Also, liberty interest created when regulation limits circumstances under which credits may be taken away. Gotcher v. Wood, 66 F.3d 1097, 1100-1 (9th. Cir. 1995)

(5) Courts have pointed out that disciplinary rules can create a liberty interest protected by due process. Most, if not all, prison rules state that an inmate cannot be punished without a finding of guilt in a misconduct proceeding. Gilbert v. Frazier, 931 F.2d 1581, 1582 (7th. Cir. 1991); Green v. Ferrell, 801 F.2d 765 (5th. Cir. 1986) (punitive action always implicates a liberty interest because the requirement of guilt is a substantive limit on official discretion), Torardo v. Bowman, 872 F.2d 43, 48-9 (3rd. Cir. 1989), (regulation barring

punishment unless an inmate broke the misconduct rules, combined with mandatory procedural regulations, created a liberty interest protected by due process.

⑥ R.I.G.L. § 42-56-24 Good Time Credits, states in part that, good time credits will be awarded when the prisoner appears by the record to have faithfully observed all the rules and requirements of the institutions and not to have been subjected to discipline "there shall" with consent of director ... be deducted from the term of sentence ~~and~~ one day (1) per month as there are years in his sentence. — As of April 1, 2008, new legislation allows (10) days per month for anyone sentenced to 30 days or more, whom is not a sex offender.

⑦ Once an inmate is found guilty and good time is forfeited, the inmate's length of confinement has been extended, then, under this scenario, if prison staff failed to provide the procedures set fourth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974); the inmate would be entitled to bring a challenge since a liberty interest existed and an "atypical and

significant hardship" was imposed, ie., Extension of length of sentence. Gotcher v. Wood, 66 F.3d at 1101 (opining that Wolff's due process principles remain applicable in the context of revocation of statutory good-time credits after Sandin)(9th. Cir. 1995), also McGuinness v. Dubois, 75 F.3d 794, 798 (1st. Cir. 1996) (Sandin, however, did not retreat from Wolff's holding that if a state statutory provision created a liberty interest in a shortened prison sentence which results from good-time credits, revocable only if the inmate is guilty of serious misconduct, that inmate is entitled to the procedural protections outlined in Wolff.

⑧ In a recent unreported opinion, it suggested that a disciplinary decision which could affect future classification or parole decisions could implicate an inmates liberty interests. Figueroa v. Vose, 1996 WL 136891 (1st. Cir. 1996) cited to in Rivera Borrero v. Rivera Correa, 93 F.Supp. 2d. 122, 127 (D.R.I 2000)

⑨ Placement in segregation in retaliation for petitioner's exercise of his First Amendment Rights will be considered "atypical

and significant.

⑩ Placement in segregation based on such a retalitory motive, as opposed to legitimate penological interests, is atypical and significant hardship. Ortiz v. Voinovich, 211 F. Supp. 2d. 917, 928-9 (S.D. Ohio 2002)

⑪ When a prisoner files for alledged grievances, a written grievance with the government containing hostile, sexual, abusive, or threatening language, he may not be punished for filing it, as prisoners have First Amendment Right to petition Government for alledged grievances U.S.C.A. §1.
Hinebaugh v. Wiley, 137 F. Supp. 2d. 69.
Bradley v. Hall, 64 F.3d 1276, 1279 (9th. Cir. 1995)

⑫ The Ninth Circuit, in Nonnette v. Small, held that a "lack of fair hearing violates due process, wholly apart from conditions of confinement and without regard to Sandin requirements. 316 F. 3d 872, 879 (9th. Cir. 2002). [redacted] continued next page →

(13) In those few states which do not authorize the filing of a disciplinary challenge in its courts – like Rhode Island – an inmate can file a habeas action in federal court without first exhausting state judicial remedies. Wells v. Israel, 854 F.2d. 995 (7th. Cir. 1988); Evans v. Deuth, 8 F. Supp. 2d 1135 (N.D. Ind. 1998) Forbes v. Trigg, 976 F.2d 308 (7th. Cir. 1992), cert. denide sub. nom. Trigg v. Forbes, 507 U.S. 950 (1993) and Zimmerman v. State, 727 N.E. 2d 714, 717-8 (Ind. App. 2000) (inmate "makes neither a sufficiency challenge, which would be clearly prohibited..., nor a due process challenge, which would be properly addressed in the federal Court-system").

Conclusions:

For all of above arguements cited to in this memorandum, Petitioner requests that respondents motion should be dismissed. And order respondent to respond to petitioner Writ.

Respectfully Submitted.

David Almeida Pro-SE
P2-43
P.O. Box 8273
Cranston, RI 02920-0273

Certification

I hereby certify that on the 5th. day of June 2008, I mailed a true copy of this document to: Patricia A. Coyne-Fague, 40 Howard Ave. Cranston, R.I 02920. Cert. Mail - Return/Receipt NO: 7005-1820-0006-0504-3218.

David Almeida Pro-Se